IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LONESTAR INVENTIONS, L.P. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:07cv27LED |
| | § | |
| FREESCALE SEMICONDUCTOR, INC. | § | |
| and AGERE SYSTEMS, INC. | § | JURY DEMAND |

### DEFENDANT FREESCALE SEMICONDUCTOR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND APPLICATION FOR PERMANENT INJUNCTION

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Freescale Semiconductor, Inc. ("Freescale"), answers the Complaint and Application for Permanent Injunction of Lonestar Inventions, L.P. ("Lonestar") and states as follows:

### PARTIES

1.      Freescale is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Freescale admits that it is a Delaware corporation, its principal place of business is Austin, Texas, and that it is authorized to do business in Texas.  Freescale denies the remaining allegations contained in Paragraph 2.

3.      Freescale is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

### JURISDICTION

4.      Freescale admits that this Complaint purports to allege a claim for patent infringement as set forth in Paragraph 4 of the Complaint.

Dallas 238834v1

5.      Freescale denies the allegations contained in Paragraph 5 of the Complaint.  Freescale admits that this Court has personal jurisdiction over Freescale solely for the purpose of this action.

## VENUE

6.      Freescale denies the allegations contained in Paragraph 6 of the Complaint.  Freescale admits that this venue is proper in this District solely for the purpose of this action.

## BACKGROUND

7.      Freescale admits that this Complaint purports to allege a claim for patent infringement.

7.      Freescale admits that the Osman E. Akcasu is the named inventor of United States Patent No. 5,208,725 (the "'725 patent") and a copy of the '725 patent is attached to the Complaint, as alleged.  Freescale denies the remaining allegations of the second identified Paragraph 7 of the Complaint.

8.      Freescale denies the allegations of Paragraph 8 of the Complaint.

9.      Freescale admits that it had notice of the '725 patent.  Freescale denies the remaining allegations of Paragraph 9 of the Complaint.

10.      Freescale denies the allegations of Paragraph 10 of the Complaint.

## CLAIMS OR CAUSES OF ACTION

**A.      Patent Infringement Under 35 U.S.C. § 271(a)**

11.      Freescale denies the allegations of Paragraph 11 of the Complaint.

Dallas 238834v1

**B.**     **Actively Inducing Patent Infringement Under 35 U.S.C. § 271(b)**

12.     Freescale denies the allegations of Paragraph 12 of the Complaint.

## GENERAL DENIAL

13.     Except as specifically admitted, Freescale denies each and every allegation contained in Paragraphs 1-13 of the Complaint, and denies that Lonestar is entitled to any relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

## INVALIDITY

14.     The claims of the '725 patent are invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

## NONINFRINGEMENT

15.     Freescale is not infringing and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the '725 patent, nor has Freescale induced infringement of or contributorily infringed any valid claim of the '725 patent.

## LIMITATIONS OF DAMAGES

16.     Lonestar's claims for relief and prayer for damages are limited by 35 U.S.C. § 287.

## LACHES AND ESTOPPEL

17.     Lonestar's claims are barred in whole or part by the doctrines of laches and/or estoppel.

Dallas 238834v1

## NO INJUNCTIVE RELIEF

18.     Lonestar is not entitled to injunctive relief because any injury to Lonestar is not immediate or irreparable, and Lonestar has an adequate remedy at law.

## FREESCALE'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Freescale, for its Counterclaims against Plaintiff and Counterdefendant Lonestar, allege as follows:

## PARTIES

19.     Freescale is a corporation incorporated under the laws of the State of Delaware and has its principal place of business at 6501 William Cannon Drive West, Austin, Texas 78735.

20.     Upon information and belief, Lonestar is Texas limited partnership residing at 8838 Chalk Knoll Drive, Austin, Texas 78701.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over the following counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

22.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNTERCLAIMS

23.     Freescale fully incorporates by reference Paragraphs 1-22 above.

24.     The '725 patent was issued by the United States Patent and Trademark Office on May 4, 1993.  Lonestar claims to own all rights in and to the '725 patent.

25.     Lonestar has alleged that certain acts by Freescale infringe the '725 patent.

26.    An actual controversy exists between Freescale and Lonestar regarding the validity and infringement of the '725 patent.

27.    The '725 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and 112.

28.    Freescale has not infringed, directly or contributorily or induced infringement of any valid claim of the '725 patent.

## JURY DEMANDED

29.    Freescale demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Freescale prays for the following relief:

A.    The Court enter judgment against Lonestar, and dismiss with prejudice, any and all claims in its Complaint.

B.    The Court enter judgment declaring that Freescale has not willfully or otherwise infringed, contributed to the infringement of, not induced infringement of any claim of United States Patent No. 5,208,725;

C.    The Court enter judgment declaring that the each and every claim of United States Patent No. 5,208,725 is invalid;

D.    The Court declare that Lonestar is entitled to no damages for, or injunctive relief against, any alleged infringement by Freescale;

E.    The Court declare this to be an exceptional case and award Freescale its costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. § 285 and as otherwise permitted by law; and

F.      The Court grant Freescale such other and further relief as the Court deems just and appropriate.

Dated:  May 25, 2007.

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: /s/ Mike McKool_____
Mike McKool, Jr.
Attorney-in-Charge
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Robert M. Manley
Texas State Bar No. 00787955
rmanley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
505 E. Travis, Suite 105
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Steven J. Pollinger
State Bar No. 24011919
spollinger@mckoolsmith.com
John M. Shumaker
State Bar No. 24033069
jshumaker@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 592-8700
Telecopier:  (512) 692-8744

**ATTORNEYS FOR
DEFENDANT FREESCALE
SEMICONDUCTOR, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure on this 25th day of May, 2007.

Philip T. Bruns
Chris Reynolds
Gibbs & Bruns, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
pbruns@gibbs-bruns.com
jreynolds@gibbs-bruns.com


/s/ John M. Shumaker_____
John M. Shumaker